```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-28-2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
UNITED STATES OF AMERICA,

           -against-                                    23-cr-331 (LAK)

BASHIRU GANIYU,

           Defendant.
------------------------------------------x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        Defendant Bashiru Ganiyu moves pursuant to 18 U.S.C. § 3145(b) to revoke the Magistrate Judge's order requiring him to be detained pending trial. He is charged with conspiracy to commit what is known as a "romance scam," a scheme in which fake personas were used to trick individuals into transferring funds into bank accounts allegedly controlled by him. Upon *de novo* review, for the reasons set forth below, the Magistrate Judge's decision is affirmed.[1]

        Mr. Ganiyu is a citizen of Ghana. He has extensive connections there, including his family. As the government stated in the bail hearing before the Magistrate Judge, "the defendant

---

[1] Mr. Ganiyu requests a hearing in relation to his motion to revoke the Magistrate Judge's detention order. "[D]istrict courts are not required to hold hearings on appeals of a magistrate judge's bail determination." *United States v. Rivera*, No. 20-CR-304 (AJN), 2020 WL 4383505, at *1 n.1 (S.D.N.Y. July 31, 2020) ("*Compare* 18 U.S.C. § 3142 (requiring a hearing for initial bail determinations), *with id.* § 3145 (not doing so); *see, e.g., United States v. Morgan*, No. 12-cr-223 (VM), 2014 WL 2465278, at *1 (S.D.N.Y. May 12, 2014) (not holding a hearing in this posture and deciding a bail appeal solely on the papers); *United States v. Melgar*, No. 2:20-CR-134, 2020 WL 4274541, at *1 (W.D. Pa. July 24, 2020) (same); *United States v. Murray*, 2020 WL 3433340, at *1 (D. Md. June 23, 2020) (same)."). *See also United States v. Spears*, No. 2:10-CR-55, 2010 WL 2427439, at *3 (N.D. Ind. June 4, 2010) ("The district court's review of a magistrate judge's detention order may be conducted either by reviewing the transcript, or by holding a new hearing. *United States v. Torres*, 929 F.2d 291, 292 (7th Cir.1991)."). Based upon the record before the Court and "[g]iven the overwhelming uncontested evidence in this case favoring detention, the Court does not find a hearing necessary." *Rivera*, 2020 WL 4383505, at *1 n.1.

2

frequently travels to Ghana for significant periods of time, including quite recently."[2] He faces a potentially lengthy prison sentence followed by removal to Ghana if he is convicted. Mr. Ganiyu does not dispute these facts. He instead proposes that he be released on a personal recognizance bond of $250,000 "to be signed by [six] financially responsible individuals" and on conditions including all those set forth by pretrial services, surrender of all travel documents, and home detention with location monitoring.[3]

Of the six individuals purportedly willing to sign a bond, only two have a family relationship with Mr. Ganiyu -- one is a cousin and another is the mother of one of his children (with whom he does not cohabit) – whereas the others are said to be friends and, in one instance, his godmother. These individuals are unlikely to possess moral suasion. In any event, the Court agrees with the Magistrate Judge that "because [Mr. Ganiyu] has the financial resources, he can certainly flee and then attempt to make them whole."[4] Given Mr. Ganiyu's significant ties to Ghana and his strong incentive to flee, the Court determines that no set of conditions will reasonably assure his appearance as required.

Mr. Ganiyu's motion for revocation of the Magistrate Judge's order (Dkt 25) therefore is denied. His request for a hearing is denied, and he is ordered to remain detained pending trial. The magistrate judge's order is affirmed.

SO ORDERED.

Dated:   August 28, 2023

_____
Lewis A. Kaplan
United States District Judge

---

[2] Dkt 18 (Tr. of Detention Hearing before Magistrate Judge) at 15:18-20.

[3] Dkt 25 (Def. Letter Mtn.) at 2.

Three of the six individuals purportedly willing to sign Mr. Ganiyu's bond were proposed in the hearing before the Magistrate Judge. For the reasons discussed above, the inclusion of the three additional individuals does not make his application any more persuasive.

[4] Dkt 18 (Tr. of Detention Hearing before Magistrate Judge) at 24:2-4.