USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  __4/5/2024__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

                    -against-                                    23-cr-0331 (LAK)


BASHIRU GANIYU,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## MEMORANDUM AND ORDER ON *IN LIMINE* MOTIONS


Lewis A. Kaplan, *District Judge.*

> Defendant awaits trial on one substantive count of receipt of stolen money and three counts alleging conspiracies to receive stolen money and to commit wire fraud, mail fraud and money laundering.[1]  The matter is before the Court on motions *in limine* by the government.[2]

> The government moves *in limine* to (1) admit certain evidence as direct evidence of the charged conduct or, alternatively, pursuant to Fed. R. Evid. 404(b), (2) admit certain statements and text messages of defendant's alleged co-conspirator as not barred by the rule against hearsay, (3) authenticate certain records under Fed. R. Evid. 902 and 803, (4) preclude defendant from introducing certain evidence and arguments as irrelevant or unfairly prejudicial, and (5) preclude defendant from cross examining a law enforcement witness regarding matters beyond the scope of

---

[1]      Dkt 63.

[2]      Dkts 61, 69.

2

his direct testimony.[3]  Defendant opposes only the government's motion to admit limited prior bad act evidence.[4]

I.      *Motion to Admit Certain Evidence as Direct Evidence or Pursuant to Rule 404(b)*

The government moves to admit as direct evidence of the charged conduct or, alternatively, under Fed. R. Evid. 404(b), evidence that defendant (1) failed to report to the IRS income derived from the allegedly fraudulent scheme, (2) previously received a check for $12,000 from a person unknown to him, such activity was indicative of fraud, and this conduct resulted in his pretrial detention in an unrelated criminal case, and (3) used a fraudulent driver's license.

1.      Evidence that defendant failed to report income derived from the alleged fraud is admissible as direct evidence of the charged offenses.  Such evidence is "inextricably intertwined with the charged conduct," including the receipt of stolen funds and the laundering of those funds.[5]  Further, to the extent this evidences a prior crime or bad act, it is admissible under Rule 404(b) as evidence of defendant's knowledge of the source of funds deposited into accounts

---

[3]  Dkts 61, 69.

[4]  Dkt 70.

Defendant's opposition stated also that he "respectfully requested that [the Court] deny the government's motion[] to admit Mr. Ganiyu's tax returns," but it offered no reason as to why the Court should do so.

[5]  *See United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000) (evidence "inextricably intertwined with the charged conduct" is admissible).

associated with his business, Gani LLC.[6]  Accordingly, the motion is granted.  Any risk that the jury might convict defendant on the basis of his alleged failure to report his income, conduct for which he is not charged, may be foreclosed by an appropriate instruction, which the Court would entertain if requested.

> 2.      Evidence that defendant previously was incarcerated as a result of conduct similar to that alleged here is admissible under Rule 404(b).  The government seeks to introduce evidence that Judge McMahon revoked defendant's bail in 2015 in an unrelated criminal case because there was probable cause to believe that defendant participated in a fraudulent scheme similar to the one charged here.[7]  The government argues that this evidence is admissible under Rule 404(b)

> > "[b]ased on the defendant's . . . anticipated defense . . . that [he] did not know the individuals depositing money into his business accounts, and thus, had no reason to suspect the deposits represented the proceeds of any fraudulent activity. (Aug. 15, 2023 Tr. at 22.) The fact that the defendant was on notice that nearly identical conduct (*i.e.*, the receipt of money from an unknown individual, which he used to quickly purchase a 'car' at the direction of a foreign online acquaintance, who had no apparent connection to the money that the defendant received) was indicative of fraud and resulted in

---

[6]

*See United States v. Zichettello*, 208 F.3d 72, 105 (2d Cir. 2000) (concealing scheme may "evidenc[e] consciousness of guilt").

[7]

Dkt 61 at 10-14.

4

his pretrial detention is highly probative of the defendant's *modus operandi*, plan, intent, knowledge, and absence of mistake with respect to the charged offenses."[8]

Defendant opposes the government's motion.  He argues first that the probative value of such evidence "relies on a propensity inference."[9]   Besides being entirely conclusory, this argument is contradicted by the government's compelling explanation for the evidence's relevance, an explanation to which defendant offers no response.  The government's proffered evidence is relevant to defendant's guilt or innocense because, among other things, it makes it more likely that defendant was aware that the funds he is alleged to have received were the proceeds of fraud.[10]  This evidence is admissible under the Second Circuit's "inclusionary approach" in which prior bad acts evidence "is admissible for any purpose other than to show a defendant's criminal propensity."[11]

---

[8]    *Id*. at 12.

    Although the government's cited basis for anticipating this defense — defense counsel's statement at an August 15, 2023 bail hearing that there was no evidence that defendant communicated with alleged victims (Dkt 18 at 22:12-18) — is not firm, defendant's opposition to the government's motion does not dispute that defendant will make such an argument at trial.  *See* Dkt 70.  The Court therefore concludes that the government accurately forecasts the defendant's intended defense.

[9]
    Dkt 70 at 2 ("The problem is, oftentimes — and as is the case here — the probative value of other-acts evidence relies on a propensity inference.").

[10]
    *See* Fed. R. Evid. 401(a) ("Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence."); *United States v. Pitre*, 960 F.2d 1112, 1120 (2d Cir. 1992) ("[W]here it is apparent that intent will be in dispute, evidence of prior or similar acts may be introduced during the government's case-in-chief.").

[11]
    *United States v. Roldan-Zapata*, 916 F.2d 795, 804 (2d Cir. 1990) (quoting *United States v. Harris*, 733 F.2d 994, 1006 (2d Cir.1984)); *see United States v. Gelzer*, 50 F.3d 1133, 1139 (2d Cir. 1995) ("Rule 404(b) does not bar all 'other crime' evidence; it bars only the admission of a defendant's uncharged crimes to prove propensity to commit the crime

Defendant argues next that such evidence should be excluded as unduly prejudicial under Rule 403.[12]  The Court of Appeals has found that the probative value of evidence of prior criminal activity otherwise admissible under Rule 404(b) was not unfairly prejudicial where it "did not involve conduct more inflammatory than the charged crime."[13]  Defendant fails to identify how the limited evidence the government seeks to admit would prejudice defendant unfairly. Accordingly, the government's motion is granted.  Any risk that the jury might convict defendant on the basis of his alleged receipt of a fraudulent check or the resulting bail revocation may be foreclosed by an appropriate instruction, which the Court would entertain if requested.

3.      Evidence that defendant used a fraudulently altered driver's license is admissible as direct evidence of the charged offenses.  It is direct evidence of defendant's participation in the alleged fraudulent scheme because it tends to show that defendant's legitimate business was not the source of his income.  In all events, the evidence would be admissible also under Rule 404(b) as evidence of defendant's fraudulent intent and knowledge.  As the government explains, the evidence "is probative of the defendant's criminal intent and knowledge, and lack of mistake or accident, with respect to his knowledge of the use of the account and his plan to conceal

---

charged." (internal quotation marks omitted)).

[12]     Dkt 70 at 2-5.

[13]     *United States v. Paulino*, 445 F.3d 211, 223 (2d Cir. 2006) (quoting *United States v. Livoti*, 196 F.3d 322, 326 (2d Cir.1999)); *accord Pitre*, 960 F.2d at 1120 (no error in admitting prior act evidence where "the evidence of prior narcotics transactions did not involve conduct any more sensational or disturbing than the crimes with which the appellants were charged" (internal quotation and alteration marks omitted)).

the source of the millions of dollars flowing into this account."[14]  The government's motion therefore is granted.

## II.    *Motion to Admit Out-of-Court Statements of Alleged Co-Conspirator*

4.    The government expects that it will seek to introduce for their truth out-of-court statements by one of defendant's alleged co-conspirators, CC-1, who will testify to participating in a conspiracy that included defendant and to communications he had with other co-conspirators in furtherance of the criminal scheme.[15]  The government indicates that it anticipates seeking to introduce this evidence under Fed. R. Evid. 801(d)(2)(E) as non-hearsay.[16]  As defendant has not objected to the admission of such evidence, the government's motion is granted.

## III.    *Motion to Authenticate Certain Records Under Rules 803 and 902*

5.    The government states that it "intends to authenticate certain records that were created and maintained in the regular course of business by certain third parties pursuant to certifications that comply with Rules 902(11) and 803(6) and 902(4)" in the event that defendant does

---

[14]    Dkt 69 at 3.

[15]    Dkt 61 at 14-18.

[16]    *See United States v. Gigante*, 166 F.3d 75, 82 (2d Cir. 1999) ("To admit a statement under the coconspirator exception to the hearsay definition, a district court must find two factors by a preponderance of the evidence: first, that a conspiracy existed that included the defendant and the declarant; and second, that the statement was made during the course of and in furtherance of that conspiracy.").

not agree to appropriate stipulations.[17]  Should the parties fail to agree upon appropriate stipulations, the Court would consider these issues at trial.

IV.     *Motion to Preclude Defendant from Introducing Certain Evidence*

The government moves to preclude defendant from introducing certain evidence as irrelevant or unfairly prejudicial.

6.     The government moves to preclude evidence that "the victims of the fraud scheme were negligent, gullible, or insufficiently vigilant."[18]  Such evidence routinely is excluded from trials on wire and mail fraud charges because "reliance is not an element of criminal fraud," and "the unreasonableness of a fraud victim in relying (or not) on a misrepresentation does not bear on a defendant's criminal intent."[19]  Accordingly, the motion is granted because such evidence would not be relevant to the claims at issue at trial and any limited probative value would be outweighed substantially by the risk of unfair prejudice and jury confusion.

7.     The government moves to preclude "evidence or argument concerning [defendant's] family background, health, age[], or any other similar factors."[20]  Such evidence "appears not to be relevant to the issue of whether [d]efendant committed the crimes charged" and

---

[17]     Dkt 61 at 18.

[18]     *Id.* at 21.

[19]     *United States v. Weaver*, 860 F.3d 90, 95 (2d Cir. 2017); *see also United States v. Adelekan*, 567 F. Supp. 3d 459, 470 (S.D.N.Y. 2021) (citing *Weaver*, 860 F.3d at 96) ("The Court of Appeals routinely has rejected a gullible victim defense for wire-fraud charges.").

[20]     Dkt 61 at 22.

8

thus would be irrelevant.[21]   Accordingly, the motion is granted.

8.    The government moves to preclude "evidence or argument on the punishment or consequences the defendant[] face[s] if convicted at trial."[22] "It is well established that . . . . juries are not to consider the consequences of their verdict."[23]   Accordingly, the motion is granted.

9.    The government moves to preclude "evidence or argument concerning why certain persons are not on trial, such as other money launderers or the co-conspirators who engaged in the online relationships with the victims."[24]  As a general matter, the fact that other persons have not been charged is irrelevant to the jury's consideration of a defendant's guilt or innocence.[25] However, a jury reasonably may consider whether a witness's testimony is credible in light of the fact that he or she agreed to testify in exchange for a grant of immunity.[26] The government's motion is therefore granted except insofar as it would preclude defendant from impeaching a witness with such evidence or argument.

---

[21]

*United States v. Battaglia*, No. S9 05-cr-774 (KMW), 2008 WL 144826, at *3 (S.D.N.Y. Jan. 15, 2008).

[22]

Dkt 61 at 23.

[23]

*Shannon v. United States*, 512 U.S. 573, 579 (1994).

[24]

Dkt 61 at 23.

[25]

*See United States v. Ramsey*, No. 21-cr-495 (ARR), 2023 WL 2523193, at *6 (E.D.N.Y. Mar. 15, 2023) ("Although defendants may admit evidence to show that someone else committed the crime with which they are charged, evidence that [another person] *has not* been charged does not fit this description."); 1 Hon. Leonard B. Sand, *et al.*, *Modern Federal Jury Instructions* - Criminal  ¶ 3.01 (2023).

[26]

*See* 1 Hon. Leonard B. Sand, *et al.*, *Modern Federal Jury Instructions* - Criminal  ¶ 3.01 (2023).

*V.*     *Motion to Limit Scope of Cross-Examination of Government Witness*

10.     The government moves to limit the scope of cross-examination of a law enforcement agent it expects to call. Specifically, the government seeks to preclude the defense from cross-examining the witness on matters beyond the scope of the direct testimony.[27] "Cross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility."[28] At its discretion, the Court may, however, "allow inquiry into additional matters as if on direct examination."[29] The Court perceives no substantial reason to determine conclusively the scope of cross-examination at this juncture. Accordingly, the government's motion is denied without prejudice.

SO ORDERED.

Dated:     April 5, 2024

Lewis A. Kaplan
United States District Judge

---

[27]

Dkt 69 at 2.

[28]

Fed. R. Evid. 611(b).

[29]

*Id.*