```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,


                -against-                                23-cr-0331 (LAK)


BASHIRU GANIYU,

                              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: \_\_5/9/24\_\_

### MEMORANDUM AND ORDER ON DEFENDANT'S
### MOTION FOR JUDGMENT OF ACQUITTAL OR NEW TRIAL

LEWIS A. KAPLAN, *District Judge.*

Defendant was convicted by a jury of conspiracies to commit mail and wire fraud, to commit money laundering, and to receive stolen property as well as a substantive offense of receiving stolen property. The government's theory, briefly stated, was that defendant knowingly and wilfully laundered proceeds obtained by fraud through an international network that cheated vulnerable victims out of their money by posing over electronic media as persons romantically interested n the victims. He now moves for a judgment of acquittal or a new trial.

*Judgment of Acquittal*

A defendant moving for acquittal under Rule 29 on the ground that the "evidence is insufficient to sustain a conviction" bears a heavy burden.[1] "A district court may enter a judgment of acquittal on this basis only if 'after viewing the evidence in the light most favorable to the prosecution and drawing all reasonable inferences in the government's favor, it concludes no rational trier of fact could have found the defendant guilty beyond a reasonable doubt.'"[2] Indeed,

---

[1] Fed. R. Crim. P. 29(a).

[2] *United States v. Ghailani*, 761 F. Supp. 2d 167, 171 (S.D.N.Y. 2011) (quoting *United States v. Reyes*, 302 F.3d 48, 52 (2d Cir. 2002); *see also United States v. Mensah*, 515 F. App'x 59, 61 (2d Cir. 2013) ("To prevail on an insufficiency of the evidence claim under Rule 29, a defendant bears the 'heavy burden' of showing that 'no rational trier of fact could have found all of the elements of the crime beyond a reasonable doubt.'" (quoting *United States v. Caracappa*, 614 F.3d 30, 43 (2d Cir. 2010))).

in order for a court to acquit, the "evidence that the defendant committed the crime alleged must be nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt."[3] Moreover, in making this determination a court may not usurp the role of the jury by "substitut[ing] its own determination of the weight of the evidence and the reasonable inferences to be drawn for that of the jury."[4]

To paraphrase the start of the government's rebuttal summation, the defendant "opened ten different business bank accounts for a business that" did not "exist, received millions of dollars from individuals" unknown to defendant from "across the United States," and sent that money out the door in just a few days, often abroad, in exchange for hundreds of thousands of dollars."[5]  As the government spelled out in its principal summation, there was overwhelming evidence that the defendant participated in the scheme with full knowledge of its objectives and knowingly received property obtained bv the fraud.[6]  There is no substantial basis for the contention that the evidence was insufficient to justify conviction.

*New Trial*

Rule 33 provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires."  "The ultimate test on a Rule 33 motion is whether letting a guilty verdict stand would be a manifest injustice."[7] Although a "trial court has broader discretion to grant a new trial under Rule 33 than to grant a motion for acquittal under Rule 29, . . . it nonetheless must exercise the Rule 33 authority 'sparingly' and in 'the most extraordinary circumstances.'"[8]  To grant a motion under Rule 33, "'[t]here must be a real concern that an innocent person may have been convicted.'"[9]

---

[3] *Ghailani*, 761 F. Supp. 2d at 171 (quoting *United States v. Guadagna*, 183 F.3d 122, 130 (2d Cir. 1999)) (internal quotation and alteration marks omitted).

[4] *Id.* (quoting *Guadagna*, 183 F.3d at 130) (internal quotation marks omitted).

[5] Tr., 367:22-368:3.

[6] *Id.*, at 336:10-358:11.

[7] *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001) (quotation marks and citations omitted).

[8] *Id.* (quoting *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992)).

[9] *Id.*

In this case, the Court has no concern that an innocent person may have been convicted.

*Conclusion*

Accordingly, defendant's motion (Dkt 76) is denied in all respects.

SO ORDERED.

Dated:      May 9, 2024

_____
Lewis A. Kaplan
United States District Judge