USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11-19-26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

UNITED STATES OF AMERICA,

-against-

23-cr-331 (LAK)
(26-cv-7660)

BASHIRU GANIYU,

Defendant.

------------------------------------------x

**ORDER**

LEWIS A. KAPLAN, *District Judge*.

Bashiru Ganiyu (the "defendant") has filed a petition pursuant to 28 U.S.C. § 2255 based on allegations of ineffective assistance of counsel (Dkts 113 & 114). The Court has determined that the testimony of defendant's former trial counsel, Meredith S. Heller and Mitchell C. Elman, would assist the Court in evaluating defendant's claim that he received ineffective assistance of counsel during the plea bargaining process.

By filing a Section 2255 petition alleging ineffective assistance of counsel, the defendant has waived the attorney-client privilege as to those matters raised in the petition. However, the Court is cognizant that, absent court order, ethical concerns may inhibit former counsel from disclosing confidential information relating to a prior client. Accordingly, it is hereby

**ORDERED** as follows:

1. The defendant shall execute and return to this Court within 10 days from today's date the "Attorney Client Privilege Waiver (Informed Consent)" Form that is appended to this order.

2. Within 10 days of the docketing of defendant's executed waiver, Ms. Heller and Mr. Elman shall respond, by affidavit or declaration, to the allegations in Ground Seven of the petition, including Section II of the Declaration of Bashiru Ganiyu appended to the petition, concerning the plea bargaining process.

3. The Clerk shall mail a copy of this order to the defendant.

Dated: November 19, 2026

Lewis A. Kaplan
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Bashiru Ganiyu,

*Defendant.*

**23 Cr. 331 (LAK)**
**(26-cv-7660)**

**Attorney-Client Privilege Waiver (Informed Consent)**

To: Defendant Bashiru Ganiyu

You have filed a motion pursuant to 28 U.S.C. § 2255 to have your conviction vacated on the ground that you received ineffective assistance from your former lawyers, Meredith S. Heller and Mitchell C. Elman (referred to in this form as "your former attorneys"). The Court has reviewed your papers and determined that it needs to have a sworn testimonial statement from your former attorneys in order to evaluate your motion.

By making this motion, you have waived the attorney-client privilege you had with your former attorneys to the extent relevant to determining your claim. This means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and your former attorneys a secret—you must allow them to be disclosed to the Government and to the Court pursuant to court order. The court has already issued an Order (copy attached) ordering your former attorneys to give such testimony, in the form of an affirmation or affidavit. This Informed Consent form is designed to ensure that you fully understand and agree to this.

Specifically, if you wish to proceed with your petition to vacate your conviction on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the court. The form constitutes your authorization to your former attorneys to disclose confidential communications (1) only in response to a court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

You should know that if you sign this authorization, you run the risk that your former attorneys will contradict your statements about his or her representation of you. However, you should also know that the court may deny your motion if you do not authorize your former attorneys to give an affirmation or affidavit in response to the Court's attached Order.

You must return this form, signed by you, within ten days (10) days from the date of the Court's Order directing your former lawyers to give testimony. If the Court does not receive this form, signed by you, within that time, the court may deny your motion.

AUTHORIZATION

I have read the Court's Order dated November 19, 2026, and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former attorneys, Meredith S. Heller and Mitchell C. Elman, to comply with the Court's Order by giving testimony, in the form ordered by the court, relating to my motion to set aside my conviction on the ground of ineffective assistance of counsel. This authorization allows my former attorneys to testify only pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

Dated: ______________________

Signed: ______________________